### BOOR *v.* MOSCHELL.

*(Supreme Court, General Term, Fifth Department. June, 1888.)*

PARTNERSHIP—LOAN TO FIRM—AUTHORITY OF INDIVIDUAL PARTNER TO SIGN NOTE.

A member of a firm borrowed money in the firm name, and deposited it to the credit of the firm. There was a conflict of testimony as to the authority of the member to sign the firm name to notes. *Held*, that whether the money was in fact borrowed for the firm, and whether the lender had reason to believe that it was so borrowed, were facts for the jury, and that until one of these was established, it was improper to presume authority in the member to sign the note.

Appeal from circuit court.

Action by Sophia Boor against Frederick Moschell, on a promissory note. Judgment for plaintiff, and defendant appeals.

*Q. Van Voorhis*, for appellant. *Fanning & Williams*, for respondent.

DWIGHT, J. The action was on a promissory note for $1,000, made by Charles Boor, of the firm of Boor & Co., in the name of the firm. The copartnership consisted of Charles Boor and the defendant Moschell, and the business was the sale of boots and shoes, at Rochester. Moschell was a railroad conductor, living at Suspension Bridge, and was not employed in the business of the firm. Francis Boor, the father of Charles, was the superintendent and general manager of the business. The plaintiff is his wife. Charles Boor has died since this action was commenced. He was made a defendant, but did not answer; and the action has continued against Moschell as the survivor of the copartnership. On the trial, the note being produced, its execution and delivery by Charles Boor to the plaintiff was proved by the testimony of Francis Boor. He also testified that on the day the note was given, and earlier in the day, his son filled out at the office a check on the Rochester Savings Bank for $1,000, and took it away to obtain his mother's signature; that when he returned he brought with him $1,000 in money, counted it, and took it out to make a deposit; that later in the day he made out and signed the note in suit, and, when he went home to supper, took the note with him, and delivered it to his mother. He also testified that he was present when Charles negotiated with his mother for the money; and, when asked if he (the witness) had anything to say about it, he testified, "I told my wife it was safe enough to let him have it." It appeared that the firm was constituted by written articles of copartnership. These were offered in evidence by the

defendant, to show that Charles had no authority to sign notes or checks in the firm name. The articles were entered as *res inter alios*. But Francis Boor testified that as manager of the business he signed all the notes and checks of the firm from its organization, in 1879, until October, 1882, when, by oral agreement of the partners, it was arranged that from that time Charles should have authority to sign notes and checks. Moschell contradicts this testimony, and says that the agreement extended only to checks to be drawn on the bank account of the firm; and that he never consented that Charles should be authorized to sign partnership notes, nor ever knew of his doing so. Francis Boor testified that after the agreement he still continued to sign notes and checks when Charles was away from home. It was made to appear by other evidence that on the day of the date of the note a check of the plaintiff for $1,000, payable to cash or bearer, and bearing the indorsement of Charles Boor, was paid by the Rochester Savings Bank; that on the same day a deposit of $1,000 was made in the Commercial National Bank to the credit of Boor & Co., and that the cash-book of Boor & Co., under what appears to be the same date, shows a credit which looks like "Mrs. S. Boor, $1,000;" also that Boor & Co. kept an account of bills payable, in which the note in question was not entered. It was not shown that Boor & Co. kept their account with the Commercial National Bank, or ever made any other deposit there than that of February 17, 1883; nor that the deposit was entered in any bank-book of the firm; nor when that deposit was withdrawn, nor by whom, nor for what use. The foregoing statement contains substantially all the evidence received in the case. Counsel for the defendant moved for a nonsuit, which was denied; also for leave to go to the jury on the two questions whether the money was loaned to Boor & Co., or to Charles Boor, and whether Charles Boor had authority to sign the note in the name of the firm. The requests were severally denied, and the court directed a verdict for the plaintiff; to which rulings and direction the defendant excepted.

We think the case did not warrant the direction of a verdict for the plaintiff, and that the defendant was entitled to go to the jury on both of the questions proposed. On the question of actual authority to Charles Boor to sign notes in the name of the firm, there was, as we have seen, a conflict of evidence. The authority was not to be presumed in favor of the plaintiff's note unless she had established the fact that the money was obtained, or that she had reason to believe that it was obtained, for the use of the firm. As to whether it was in fact so obtained depended upon inferences to be drawn from the subsequent acts of Charles Boor; and those inferences were not, we think, so clearly indicated by the evidence as to warrant the withdrawal of the question from the jury. As to whether the plaintiff had reason to believe that the money was obtained for the use of the firm, depended upon the original negotiation between the parties. The note was not given at the time the money was obtained, nor was there any direct evidence that it was contemplated at that time. Possibly the jury might have so connected the two transactions of procuring the money and procuring the note as to make them substantially one; and have reached the conclusion that the money was borrowed, at least ostensibly, for the use of the firm. But this was also, we think, a question for the jury; and in passing upon it they might properly consider the fact that the plaintiff had it in her power to prove by her witness Francis Boor, who was present at the negotiation, precisely what the transaction was; to whom the loan was made, if it was a loan; whose credit was pledged; and what security or evidence of debt was proposed to be given. If the plaintiff was to have a verdict, in this case, we think it could be only after submission to the jury of the question of fact above suggested. The judgment must be reversed, and a new trial granted; costs to abide the event.

All concur, except BARKER, P. J., not sitting. BRADLEY, J., concurs in the result.